JEFF CURINGTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 8, 1920.

1. Hogs are within the description of property which is made the subject of larceny under Sec. 3288, Gen. Stats. of 1906, Florida Compiled Laws of 1914, and the larceny of hogs of the value of twenty dollars or more is punishable under this statute.

2. The term "chattels" embraces generally every species of property, movable or immovable, which is less than a freehold.

3. Personal chattels are things movable which may be carried about by the owner, such as animals, household stuff, money, jewels, corn, garments, and everything else that can be put in motion and transferred from one place to another.

4. Upon a charge of larceny where there is conflict in the evidence as to the intent with which the property was taken, or it is of such a character as to legitimately authorize an inference of a felonious purpose, then the matter should be submitted to the jury without any intimation from the trial court as to the force of presumptions of fact arising from any portion of the testimony.

A Writ of Error to the Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment affirmed.

*J. B. Hodges,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WEST, J.—Plaintiff in error, referred to herein as defendant, was indicted, tried and convicted upon a charge of the larceny of hogs of the value of more than twenty dollars. After judgment imposing sentence upon him he took writ of error from this court.

The basis of the first contention of defendant is rulings of the trial court holding inadmissible evidence of a witness for defendant to the effect that defendant's son, Letha Curington, had engaged the witness testifying to search the woods for his hogs, which, it was claimed, had disappeared. This evidence was objected to upon the ground that it was hearsay and was a mere attempt to bolster up the defense by something alleged to have been done by the son of defendant. There was no error in excluding this evidence. What defendant's son may have done, or the fact that hogs of his may have disappeared, could have no material relevancy to the question of defendant's culpability or innocence upon the trial of a charge against defendant for the theft of hogs of the person alleged in the indictment to be the owner. If the loss of hogs by defendant's son is relevant to the issue involved it's relevancy is not made to appear by the record.

It is urged here that there was error in the order over-ruling defendant's motion in arrest of judgment. As we understand the argument made under this assignment, it is that there is no statute in this State defining the offense of grand larceny of hogs and prescribing a pun-ishment for such offense, and that therefore the sentence imposed upon defendant for the larceny of hogs of the value of more than twenty dollars was without authority. The theory is that since Sections 3302-3, General Statutes, 1906, Florida Compiled Laws, prescribe a penalty for the larceny of hogs of less value than twenty dollars only, there is no penalty for the higher offense. But this theory is not tenable. By Section 3288, General Statutes, 1906, Florida Compiled Laws, a penalty is prescribed for lar-ceny "by stealing of the property of another, any money, goods or chattels or any banknote * * * if the property stolen is of the value of twenty dollars or more." Hogs are within the description of property which is the sub-ject of larceny under the terms of this statute.

In 1 Bouvier's Law Dictionary, 315, the word "chattels" is defined as "Every species of property, movable or im-movable, which is less than a freehold. * * * Personal chat-tels are properly things movable, which may be carried about by the owner; such as animals, household stuff, money, jewels, coin, garments, and everything else that can be put in motion and transferred from one place to another." See also 7 Cyc. 122; 2 Words and Phrases 1093; 1 Words and Phrases (2 ed.) 653.

Hogs are chattels within the meaning of that term as employed in this statute and the larceny of hogs of the value of twenty dollars or more is punishable under it.

The order denying defendant's motion for a new trial is assigned as error. Under this assignment the argu-

ment is that inasmuch as the hogs alleged to have been stolen by defendant were taken openly by him, that there was no effort to conceal them while in his possession, and that he afterwards sold and delivered them in the day time to a neighbor in whose possession they were afterwards found, there is nothing to show a felonious purpose upon the part of defendant and therefore the proof is not sufficient to establish the crime of larceny.

The rule in such cases is that where there is conflict in the evidence as to the intent with which property alleged to have been stolen was taken, or the evidence is of such a character as to legitimately authorize an inference of a felonious purpose, the question should be submitted to the jury without any intimation from the trial court as to the force of presumptions of fact arising from any portion of the testimony. Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Bass v. State, 58 Fla. 1, 50 South. Rep. 531; Bird v. State, 48 Fla. 3, 37 South. Rep. 525; Long v. State, 44 Fla. 134, 32 South. Rep. 870.

Since the taking was admitted, in view of the testimony of alleged admissions of defendant that "I have hogs strolling all over the woods and I cannot go by the mark, and I just take them up with any kind of mark, and if anybody comes along and claims the ones that I got, I give them up and if they do not claim them I keep them;" that when inquiry was made of him he claimed the hogs as his own, but subsequently said they belonged to his son and later acquiesced in the surrender of them to the owner without any contest, we think there is sufficient proof to authorize a legitimate inference that the taking was felonious. This seems to have been the opinion of the jury who saw and heard all the witnesses, including the defendant, who testified in his own behalf, and there

is nothing in the record to indicate that the jury were influenced by any consideration outside the evidence. The verdict has the sanction of the trial judge and we will not disturb it.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.