**People of the State of Illinois, Plaintiff-Appellee, v. Nathaniel White, Defendant-Appellant.**

**Gen. No. 52,875.**

First District, Third Division.

July 3, 1968.

James M. O'Shaughnessy, of Chicago, for plaintiff in error.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard A. Rinella, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant was charged with the theft of an automobile. He waived his right to trial by jury and was tried by the court, found guilty and sentenced to serve from two to four years in the penitentiary. He took a direct appeal to the Supreme Court, contending that he was arrested without reasonable cause, that the trial court erred in denying his motion for a directed verdict and that the State failed to prove guilt beyond a reasonable doubt. The Supreme Court after examining the record concluded that no substantial constitutional question had been presented and transferred the cause to this court. The facts follow.

On October 5, 1966, Officer Michael Smajo and a police trainee named Staszek were on patrol in a marked police car in the vicinity of 13th Street and Kedzie Avenue in Chicago. At approximately 3:00 a. m. they observed the defendant pushing a 1959 Thunderbird automobile into an alley. Another man was seated at the wheel of the vehicle. The officers left their patrol car and ordered the men to stop. When they questioned the suspects as to ownership of the car, the man at the steering wheel fled. Officer Smajo then took custody

271

of the defendant, searched the car and found a piece of tinfoil under the ignition which when pressed would start the engine. The automobile was found to be the property of one Berlyn Bynum who later testified that he lived about three miles from the scene of the arrest and that the car had been stolen sometime between 10:00 p. m. and 3:00 a. m. on the night in question.

 Reasonable cause to effect an arrest without a warrant depends upon the factual and practical considerations of everyday life on which reasonable and prudent men act. People v. Jones, 31 Ill2d 42, 198 NE2d 821. It does not require that quantum of proof necessary to sustain a conviction. People v. Brinn, 32 Ill2d 232, 204 NE2d 724. In the instant case the officer observed the defendant and his associate pushing an automobile into an alley at 3:00 a. m. and when they stopped to question the men, one of them fled. Evidence of flight has long been admissible in Illinois as a circumstance which may be considered with all the other evidence as tending to prove guilt. People v. Brown, 69 Ill App2d 212, 215 NE2d 813; People v. Nunn, 63 Ill App2d 465, 212 NE2d 342. The officer had reasonable grounds for making the arrest.

 The evidence established that the car had been stolen from a location about three miles away within the preceding five hours and that at the time of the arrest the car was in the joint possession of the defendant and his partner. Although the defendant was not inside the vehicle, he was exerting control over it by pushing it into the alley. The exclusive and recent possession of stolen property is sufficient to raise a presumption of guilt and is sufficient to warrant a conviction for theft unless the possession is explained in such a manner as to raise a reasonable doubt of guilt. People v. Litberg, 413 Ill 132, 108 NE2d 468; People v. Styles, 75 Ill App2d 481, 220 NE2d 885.

The defendant had possession of a stolen vehicle and the tinfoil under the ignition showed that the engine had been prepared so it could be started without an ignition key.

The trial court properly denied the motion for directed verdict. Defendant's guilt was proved beyond a reasonable doubt, and the judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.