370 So.2d 860 (1979)
Glen GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. LL-187.
District Court of Appeal of Florida, First District.
May 15, 1979.
Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Lee Mandell, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is an appeal from appellant's conviction of the offense of burglary of a dwelling with commission of an assault upon a person within the dwelling. We agree that appellant's conviction must be reversed.
When the victim, Frazier, entered his apartment in Jacksonville he was struck by a man wearing a mask, and shortly thereafter was struck by a second man within the apartment. Felton Lee Marshall was arrested a short time later and returned to the scene by the police, where Frazier identified him as the first assailant. The appellant, Griffin, was charged with the crime along with Marshall, but tried separately.
Appellant's first Point relied upon for reversal is based upon the trial court's admission of evidence concerning Frazier's out-of-court photographic identification of appellant Griffin. The various arguments *861 and contentions made by appellant regarding this evidence have been carefully considered and found to be without merit. The trial court correctly ruled, among other things, that the defendant has no right under the Sixth Amendment to have counsel present at out-of-court photographic displays. United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).
Appellant's second Point is more serious, was properly preserved for our review, and requires reversal. The trial judge instructed the jury on "possession of stolen property", using basically the same language as that found in Florida Standard Jury Instructions, Criminal Cases, substituting the word "accused" for the word "defendant" at one point in the instruction, and with other modifications as follows:
"Proof of the unexplained possession by an accused of property recently stolen by means of the burglary may justify a conviction of burglary with the intent to steal that property if the circumstances of the burglary and of the possession of the stolen property was [sic] considered in the light of all of the evidence in the case convince you beyond a reasonable doubt that the defendant committed the burglary." (emphasis supplied)
The issue here relates not to the form of the instruction but to the contention that it was error to give any instruction regarding possession of stolen property in that the evidence does not disclose that defendant Griffin was ever in possession of the property.
The facts disclosed by the record are that after striking and struggling with the victim somewhat in the apartment, both assailants made their escape. A short time later police officers who had been furnished with a description of Marshall discovered him lying in a field partially concealed by underbrush a distance of approximately one quarter of a mile from the victim's apartment. He had in his possession various items, watches, rings, other jewelry, as well as a gun belonging to the victim. Some of these items were removed from Marshall on the spot, and others, such as the gun, were found later on the ground where Marshall was first seen lying, and which were apparently concealed by his body. There was no evidence at the trial tending to connect Griffin with Marshall, nor with the stolen items in Marshall's possession, other than the testimony of the victim, Frazier, who admittedly had the opportunity to observe the second assailant for only a few brief seconds during the altercation in the apartment.
The inference of guilt arising from the unexplained possession of recently stolen goods has been dealt with in many Florida cases, and it has long been established that the giving of an instruction focusing upon this particular kind of circumstantial evidence is proper. State v. Young, 217 So.2d 567 (Fla. 1968), cert. den. 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101; Palmer v. State, 323 So.2d 612 (Fla. 1st DCA 1975).
But it is equally clear that the giving of this charge absent appropriate factual basis in the record is reversible error. In Palmer v. State, supra, conviction was reversed because there was no evidence presented to the jury that the defendant, when arrested, either failed to explain or give an unbelievable explanation for his possession of the goods. In other words, unless it is first shown that defendant, when arrested, either failed to explain or gave an incredible or unbelievable explanation, the instruction is not applicable. Applying this holding to the case at bar, since there was no evidence of possession by defendant, there was no factual basis for the charge. As the appellate court said in Palmer, supra, it is fundamental that the court's instructions to the jury should relate to and be confined to issues concerning evidence which has been received at the trial, citing numerous Florida cases.
Furthermore, the rule which allows consideration by the jury of possession of stolen property as evidence of guilt has been held to be limited by the further requirements that the possession be personal, that it involve a distinct and conscious assertion of possession by the accused, Presley *862 v. State, (1912) 63 Fla. 37, 57 So. 605, and Solomon v. State, 145 So.2d 492 (Fla. 2nd DCA 1962); and that the possession must be exclusive, Cone v. State, 69 So.2d 175 (Fla. 1953).
Evidence of possession by Marshall, who was not on trial, of property recently stolen from Frazier would tend to identify Marshall as one of the assailants, but it would have no tendency whatever to identify appellant as the second assailant. The charge given in this case, being unsupported by the evidence, was improperly given and was highly prejudicial in light of the entire record in the case which reveals that the crucial issue was identity of the appellant as one of the participants in the crime.
For the foregoing reasons the conviction should be reversed and the cause remanded for a new trial.
MELVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.