DAUKSCH, Judge.
This is an appeal from a conviction and sentence for sexual battery. As to the conviction appellant says it was error for the court to have instructed the jury regarding a necessarily lesser included offense because he had requested that that instruction not be given. Appellant was charged with sexual battery with force likely to cause serious injury in violation of section 794.011(3), Florida Statutes (1985). He was convicted of the lesser sexual battery without force likely to cause serious injury in violation of section 794.011(5), Florida Statutes (1985). Since there was evidence the victim was injured and the jury could have found the force was not likely to cause serious injury, we conclude that the court did not err in giving the instruction, even over appellant’s objection. The state, like the defendant, is entitled to all applicable jury instructions. It is the court’s sole province to instruct the jury on the law. Stark v. Smith, 310 So.2d 334 (Fla.3d DCA 1975).
As to the sentence, the court departed from the recommended guideline sentence because:
The victim presently lives in fear because of the defendant’s threats to do her bodily harm. His past history demonstrates his ability of carrying out the threats.
The second sentence is clearly an improper reason because it violates Rule 3.701(d)(ll), which disallows using past conduct for which no conviction was ob *1229 tained. Pursell v. State, 483 So.2d 94 (Fla.2d DCA 1986); Fowler v. State, 482 So.2d 602 (Fla.5th DCA 1986).
Although psychological damage may be an aggravating factor for which a departure can be sustained, such is not the case here. The trauma suffered by a crime victim must be different from that suffered in instances involving the same crime. Tompkins v. State, 483 So.2d 115 (Fla.2d DCA 1986). Sexual battery necessarily includes threats, psychological injury, fear and the like, so these factors should not be used to depart from the guidelines. Of course, if the psychological injury is severe due to extraordinary circumstances then a departure may be warranted. Tompkins; Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984). Such is not the case here. Parenthetically, we note the judge considered, as evidence of the victim’s continuing fears, a letter from the victim. In this particular instance we question the court’s use of that letter for departure purposes where the appellant had no right of confrontation and cross-examination regarding the contents of the letter.
CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED FOR RESENTENCING.
COWART, J., and CAMPBELL, M., Associate Judge, concur.