ANSTEAD, Judge.
William Jones was convicted by a jury for grand theft. He appeals his conviction, asserting that the trial court erred by denying his motion for judgment of acquittal and by giving the following jury instruction:
Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
We find there was sufficient evidence for the case to be submitted to the jury. We reverse Jones’ conviction, however, as the giving of the jury instruction was error.
The property in question was an automobile which Jones claimed was in his possession pursuant to a legitimate purchase agreement with a used car dealer. Jones left his truck, which was to be used as part of the purchase price, with the dealer. The dealer had consented to Jones taking the car, but claimed he consented to it being taken only for a test drive and that no purchase agreement had been finalized. The dealer did not report the car stolen until eight days later, however.
The only issue at trial was whether Jones intended to steal the car or took it innocently, in other words, whether the car was stolen. The challenged jury instruction, however, states as a fact that the property was stolen and establishes the presumption that the person in possession was the thief. Such an instruction serves no purpose in a case such as this. “[Wjhere there is conflict in the evidence as to the intent with which property alleged to have been stolen was taken ... the question should be submitted to the jury without any intimation from the trial court as to the force of presumptions of fact arising from ... the testimony.” Curington v. State, 80 Fla. 494, 86 So. 344, 345 (1920). Under the instruction, before the jury could make the presumption, it would have to find that the property was stolen. If the jury found that the car was stolen, however, it would find Jones guilty and the case would be resolved. In other words, there would then be no need for the presumption. The presumption applies in a different type of case, that is, where the property is undisputably stolen and the question is who stole it. The only possible effect of the instruction here was to allow the jury to presume Jones was guilty because he was in possession of the car. This goes against the presumption of innocence inherent in our criminal justice system. Curington.
Accordingly, we reverse and remand for a new trial in accord herewith.
GLICKSTEIN, J., and WARNER, MARTHA C., Associate Judge, concur.