ERVIN, Judge.
Appellant appeals his adjudication of delinquency, based upon the theft of a radio. Because the evidence presented by the state at trial failed to prove the theft beyond a reasonable doubt, we reverse and remand with directions to vacate the adjudication and sentence. Our disposition of this point moots consideration of the second point, relating to the insufficiency of the proof necessary to adjudicate appellant delinquent of the offense of felony petit theft.
The evidence was sufficient for the finder of fact to determine that on the day in May when a radio was stolen from the office desk of Mr. Roaza, appellant was seen inside the building, wearing a red jacket, delivering newspapers. No evidence was presented, however, to prove that appellant was on the floor where Mr. Roaza’s office was located. And, although a witness testified that she saw a boy in the building wearing a red jacket and carrying a radio during one day when the weather was warm, she could not recall the specific date of the incident. Furthermore, the uncontradicted evidence was that four boys were inside the building delivering newspapers on the day Mr. Roaza’s radio was stolen, and that the four boys worked *970 together in pairs. Thus, there was no evidence linking the theft to any one of the four.
Not only was there a failure to prove that appellant, rather than one of the other delivery boys, stole Mr. Roaza’s radio, there was also no proof that appellant was ever in possession of his radio. The only proof presented was that the stolen radio was found beneath the back seat of the car driven by a Mr. Lincoln, the adult supervisor, who transported the boys from building to building to assist them in delivering their papers. At the time the radio was found in Mr. Lincoln’s car, none of the four boys were in the car. The only evidence that was established regarding the stolen radio is the fact that, when Mr. Lincoln’s car was searched, the stolen radio was found inside it. Although Section 812.022, Florida Statutes (1987), permits the inference that a person in possession of recently stolen property knew or should have known that the property had been stolen, this inference only arises upon “proof of possession.” In the case at bar there has been no proof adduced that appellant was in “possession” of stolen property; the inference is just as strong that one of the other three delivery boys was in possession of stolen property. In order for possession to obviate the need for the state to prove knowledge and intent, essential elements of the crime, the possession must be exclusive. Walton v. State, 404 So.2d 776, 777 (Fla. 1st DCA 1981), review denied, 412 So.2d 471 (1982); Chamberland v. State, 429 So.2d 842, 843 (Fla. 4th DCA 1988). Mere proximity to contraband, without more, is legally insufficient to prove possession. Pena v. State, 465 So.2d 1386, 1388 (Fla. 2d DCA 1985).
Although the state relies upon Scobee v. State, 488 So.2d 595 (Fla. 1st DCA 1986), we find it inapposite. Scobee approved the trial court’s instruction, which had tracked the statutory language relating to proof of possession of recently stolen property, as provided in section 812.022. But possession was not proven in the case at bar, therefore the Scobee rationale is inapplicable. Furthermore, Scobee is distinguishable on its facts: there the theft occurred in the victim’s home while the defendant was present, and the stolen items were found on top of the freezer in defendant’s home. Id. at 597. No such link between the property stolen and F.W.B. exists at bar.
The state also relies upon State v. Young, 217 So.2d 567 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969), in which a conviction for theft was upheld, based on the presence of stolen property found on the seat of the car and inside the trunk of the car in which defendant was riding with his accomplice. Id. at 568. But in this case, the stolen item that was found was concealed inside a car owned and driven by an adult unrelated to the defendant, in which four children, all of whom had been inside the building in which the theft occurred, had previously been riding. Clearly the link between the stolen item and the one child adjudicated delinquent has not been made in the case on review.
REVERSED and REMANDED with directions that appellant’s adjudication and sentence be vacated.
SMITH, C.J., and NIMMONS, J., concur.