711 So.2d 594 (1998)
Billy L. BOONE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3670.
District Court of Appeal of Florida, First District.
April 29, 1998.
*595 Nancy A. Daniels, Public Defender, and Nancy L. Showalter, Assistant Public Defender, Tallahassee, for Appellant.
Robert Butterworth, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, Judge.
Appellant Billy Boone challenges judgments and sentences on seven counts of grand theft. On appeal, he contends that the trial court erred by instructing the jury, over objection, on the inference to be drawn from possession of recently stolen property. We agree and reverse the judgments and sentences.
On August 15, 1995, a deputy sheriff responded to a homeowner's complaint of burglary to her single-family residence. The owner's mother and grandson, Michael Boone, lived in the house. Earlier that summer, Michael's brother, appellant Billy Boone, and a friend, Kevin Powell, had also lived in the house, but they were no longer living there at the time of the deputy's visit. While inside the residence, the deputy noticed a "pile of something" covered by a blanket and bolt cutters next to the pile. Out of curiosity, the deputy lifted the blanket and discovered three Pensacola News Journal newspaper vending boxes. The top part of the boxes appeared to have been cut or pried open. The deputy questioned Michael Boone and eventually investigated other leads involving appellant and Powell.
The deputy noted that the Pensacola News Journal had made multiple reports of stolen vending boxes. At a later time, Michael admitted to the deputy that he and Powell had stolen several newspaper vending boxes over the past month, including the three discovered at his residence. Michael also took the deputy to the location of additional stolen vending boxes.
The deputy also spoke to James Fuller. Fuller testified that "last summer" he had been at the Boone residence. According to Fuller, appellant said he was getting money for "partying" by stealing vending boxes using Powell's truck.
Powell testified that the Boones solicited his participation in the vending box thefts because he had a truck. He said that the three of them stole a number of boxes and *596 shared the profits. Powell also stated that they painted the truck twice after the thefts.
Appellant denied any involvement in the newspaper box thefts. He worked at an off-shore job in Louisiana from August 8, 1995, until October 3, 1995. About three weeks before appellant left for that job, Michael bragged about stealing some vending boxes with Powell. At that time, appellant recalled discovering two newspaper boxes in Michael's room, a converted garage. Appellant then threatened to kick Michael and Powell out of the house if they did not get rid of the newspaper boxes.
At trial, the court instructed the jury over appellant's objection that:
Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
Fla. Std. Jury Instr. (Crim.) 148; § 812.022(2), Fla. Stat (1995). The instruction allows the prosecution to show by inference the accused's knowledge of the stolen nature of the property and the accused's intent, which are essential elements of the offense of theft. See F.W.B. v. State, 538 So.2d 969 (Fla. 1st DCA 1989); Chamberland v. State, 429 So.2d 842 (Fla. 4th DCA 1983).
The trial court denied appellant's objection to the instruction because the court found that possession was a factual question for the jury. This was error. The reasonableness of an accused's explanation of his possession of recently stolen property is a question of fact for the jury. Nevertheless, the prosecution must demonstrate a factual basis for appellant's possession before the jury instruction may be given. See Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). The instruction is not warranted absent an appropriate factual basis. See Consalvo v. State, 697 So.2d 805, 805 (Fla.1996); McClellan v. State, 434 So.2d 1 (Fla. 2d DCA 1983). Perhaps most importantly, the instruction is proper only where the possession is personal, where it involves a distinct and conscious assertion of possession by the accused, and where the possession is exclusive. F.W.B; King v. State, 431 So.2d 272 (Fla. 5th DCA 1983); Chamberland; Walton v. State, 404 So.2d 776 (Fla. 1st DCA 1981), review denied, 412 So.2d 471 (Fla.1982); Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979).
Here, it is not clear which stolen property was the basis for this instruction. Usually, this instruction is used when the stolen property in question is found in the possession of the accused at the time of arrest. See Scobee v. State, 488 So.2d 595 (Fla. 1st DCA 1986)(stolen property discovered in vehicle being driven by defendant and other property later located in defendant's home). Here, no evidence suggests that appellant, at the time he was taken into custody, personally possessed or had control or custody over the stolen boxes. Although the deputy found three stolen boxes in the house where appellant, his brother, and Powell had resided, the boxes were discovered six or seven days after appellant started the Louisiana job. At the time, only Michael and the great grandmother lived at the house. No evidence showed how long the boxes had been at the residence. In sum, the prosecution's evidence did not show that appellant ever actually possessed the items discovered in the house to the extent that he exercised any dominion and control over them, let alone exclusive dominion and control.
We have not overlooked the testimony of James Fuller and Kevin Powell concerning appellant's involvement in the thefts. If, however, the instruction could be given any time there is some evidence indicating that the defendant in a grand theft case ever possessed the alleged stolen property, then the instruction could be given in almost every case. The case law does not suggest an intention that this instruction be given in every case. Accordingly, the instances in which the instruction may be given are limited to the particular circumstances discussed above. This case neither involved possession at the time of arrest nor the indicia of possession required by the case law. For this reason, the trial court erred by finding that a question of fact existed as to the sort of possession necessary to support the instruction at issue.
*597 REVERSED and REMANDED for a new trial.
MICKLE and DAVIS, JJ., concur.