931 So.2d 1006 (2006)
Oliver BOZEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2232.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
Rehearing Denied July 12, 2006.
*1007 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant Oliver Bozeman was tried by jury and convicted of grand theft of an automobile. He appeals, arguing that the trial court erred in instructing the jury on the inference to be drawn from possession of recently stolen property. He argues that the evidence was insufficient to show the exclusive possession required for the instruction. We disagree and affirm appellant's conviction.
While on routine patrol in Lauderdale Lakes shortly after midnight, Deputy William Leffew observed a 1990 Mazda pushing a 1967 Chevrolet Malibu. The deputy stopped the two vehicles. Appellant was driving the Mazda. His brother, Antoine McIntyre, was in the front passenger seat. Appellant was using the Mazda to push the Chevrolet Malibu. The Malibu had been stolen from a residence earlier that evening. Joe Bolling was in the driver's seat of the stolen Malibu. The Malibu's headlights were not on and the engine was not running. There was no vehicle tag on the Malibu. Inside, the vehicle's steering wheel column was damaged and there was no key in the ignition. The Malibu's driver side window was shattered and broken glass was on that side of the floorboard. When stopped, appellant told the deputy that McIntyre had purchased the Malibu and that he was merely helping him transport it to McIntyre's house. All three men were arrested at the scene for theft of the Chevrolet Malibu.
Co-defendant Bolling pled guilty to grand theft and possession of burglary tools. When he was sentenced, he told the judge that appellant had nothing to do with the crime. Bolling also testified at appellant's trial. He said that he and McIntyre elicited appellant's help in moving the car without telling appellant that the car was stolen.
During the jury charge conference, defense counsel argued that the standard instruction allowing the jury to infer that the defendant knew that the property was stolen based on his possession of the recently stolen property should not be given because it did not apply. The trial court disagreed and instructed the jury, as follows:
Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person *1008 in possession of the property knew or should have known that the property had been stolen.
Fla. Std. Jury Instr. (Crim.) 14.1 at 270.
The jury found appellant guilty of grand theft. He was sentenced to ten years in prison as a habitual felony offender. On appeal, he challenges the above instruction and his sentence.
Appellant argues that the trial court erred in instructing the jury on the inference arising from possession of recently stolen property because the evidence did not demonstrate that appellant possessed the stolen vehicle or that he possessed the vehicle to the extent that he exercised any dominion and control over it.
A trial court's decision regarding jury instructions is reviewed under the abuse of discretion standard. Lewis v. State, 693 So.2d 1055, 1058 (Fla. 4th DCA 1997).
At trial, appellant's defense to the grand theft charge was that he did not know that the car was stolen. The jury instruction at issue is a standard jury instruction in theft cases that permits the prosecution to prove by inference that a defendant knew or should have known that property in his possession was stolen. See Scobee v. State, 488 So.2d 595, 598 (Fla. 1st DCA 1986). However, before the prosecution can receive the benefit of this jury instruction, it must first produce evidence that the defendant possessed the property. Chamberland v. State, 429 So.2d 842, 843 (Fla. 4th DCA 1983); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). The state must demonstrate that the possession was personal, i.e., involved a distinct and conscious assertion of possession by the accused, and that the possession was exclusive. Chamberland, 429 So.2d at 843; Garcia v. State, 899 So.2d 447 (Fla. 4th DCA 2005); Boone v. State, 711 So.2d 594, 596 (Fla. 1st DCA 1998); King v. State, 431 So.2d 272 (Fla. 5th DCA 1983).
As the first district explained in Scobee:
The "exclusive" requirement does not mean that defendant's possession must be separate from the possession of all other persons. The joint possession of two or more persons acting in concert is "exclusive" as to any one of them.
Scobee, 488 So.2d at 598; see also Walker v. State, 896 So.2d 712, 720 n. 5 (Fla.2005) (approving Scobee's analysis of the "exclusive" requirement in joint possession cases).
In People v. White, 99 Ill.App.2d 270, 240 N.E.2d 342 (1968), officers observed the defendant pushing a recently stolen automobile into an alley at 3:00 a.m., and another person sitting at the wheel of the vehicle. When the officers approached, the man at the steering wheel fled. The court stated that the evidence established that "the car was in the joint possession of the defendant and his partner." Id. at 343. In finding the facts sufficient to raise a presumption of guilt and warrant a conviction for theft, the court explained that "[a]lthough the defendant was not inside the vehicle, he was exerting control over it by pushing in into the alley." Id.
Similarly, in this case, the evidence showed that appellant exercised dominion and control over the Malibu by pushing it while Bolling controlled the car's steering and braking. Without appellant's actions, the car could not have been moved. The two men jointly controlled the car and jointly possessed it. Because this was the sort of possession necessary to support the instruction on inference of knowledge, the trial court did not abuse its discretion in giving this instruction to the jury. It was up to the jury to weigh appellant's explanation for possessing the car and decide *1009 whether to accept the correctness of the inference. See Scobee, 488 So.2d at 599.
As to the defendant's habitual offender sentence, we affirm on the authority of McBride v. State, 884 So.2d 476, 478 (Fla. 4th DCA 2004) (holding that "Blakely does not entitle a defendant to have a jury determine whether he has the requisite predicate convictions for a habitual felony offender sentence"), and Washington v. State, 895 So.2d 1141, 1143 (Fla. 4th DCA 2005) (holding that "shotgun" notice of intent to seek habitual offender sentence is valid).
Affirmed.
GUNTHER, J., concurs.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
The standard of review in this case is not only abuse of discretion. It is a mixture of de novo and abuse of discretion. Whether to instruct the jury on a specific subject begins as a rule bound exercise. Initially, the rule is that if there is evidence on the subject the party is entitled to an instruction. See Bradley v. State, 82 Fla. 108, 89 So. 359, 359 (1921) ("Charges of the court must be based upon facts in proof, and if not so based upon the facts in proof it is error to give them; and the court below erred in giving the quoted charge."); Diggs v. State, 489 So.2d 1228, 1228 (Fla. 5th DCA 1986) (like defendant, state "is entitled to all applicable jury instructions"); Griffin v. State, 370 So.2d 860, 861 (Fla. 1st DCA 1979) ("the giving of this charge absent appropriate factual basis in the record is reversible error."). Discretion then may arise as to its content, as when there is no standard instruction on the subject, or the standard instruction is circumstantially inappropriate. Card v. State, 803 So.2d 613, 624 (Fla.2001) (holding that decision as to "whether to give a particular jury instruction is within trial court's discretion").
I cannot agree that there is any evidence that this defendant had possession of a stolen automobile when he was simply pushing it with his vehicle.[1] The majority rely on Walker v. State, 896 So.2d 712, 720 n. 5 (Fla.2005), for its holding as to the kind of possession that is necessary for the "recently stolen property inference" jury instruction. Walker actually relied on Scobee v. State, 488 So.2d 595, 598 (Fla. 1st DCA 1986), for its holding. Scobee explained:
"Frequently ... the defendant is not established as having been at the scene of the crime, and the location of the stolen property is relied on as the primary or, indeed, sole evidence of defendant's guilt but does not meet the requirements that a defendant's possession be exclusive, recent, and involve a distinct and conscious assertion of property. Griffin [v. State, 370 So.2d 860,] 861 [(Fla. 1st DCA 1979)]; WHARTON'S CRIMINAL EVIDENCE, Volume 1, § 139 at 236-237:
Mere possession of stolen property, without other evidence of guilt, is not to be regarded as prima facie evidence of larceny, robbery, receiving stolen property, or burglary. It must be shown that the possession of the defendant was exclusive, recent, and involved a distinct and conscious assertion of property. The meaning of the *1010 terms `exclusive' and `recent' will vary with the circumstances of each case." [e.s.]
488 So.2d at 598.
Evidence that defendant was pushing a stolen car with his own car is not evidence of "possession" as described in Scobee and inferentially approved in Walker. If it were, the charge could apply to anyone who touched it, for that is all he actually did. This evidence does not satisfy the requirement that the defendant's possession be "personal," and a "distinct and conscious assertion of property." See also Griffin v. State, 370 So.2d 860, 861-62 (Fla. 1st DCA 1979) ("the rule which allows consideration by the jury of possession of stolen property as evidence of guilt has been held to be limited by the further requirements that the possession be personal, that it involve a distinct and conscious assertion of possession by the accused, Presley v. State, 63 Fla. 37, 57 So. 605 (1912), and Solomon v. State, 145 So.2d 492 (Fla. 2nd DCA 1962); and that the possession must be exclusive....").
Walker merely makes the unexceptional point that multiple people can jointly have exclusive possession of something. It does not stand for the proposition that simply pushing an automobile at the request of someone driving it is itself possession. Nor does it indicate that by assisting in pushing a stalled automobile, the pusher must necessarily be deemed present when it was stolen. Because the act of pushing a stolen automobile ambiguously points in many directions, the State had the burden of adducing some additional evidence to establish that defendant was consciously involved in an act of theft, not of innocent assistance in getting a stalled car to a place of repair.
Giving the "recently stolen property inference" jury instruction in this case was especially pernicious. It allowed the jury to believe that the law necessarily deems this defendant's conduct the crime of possession, when it does not. In fact, giving this instruction for this kind of ambiguous conduct induced the jury into believing that, notwithstanding the perpetrator's testimony to the contrary, the law deems that he knew the stolen car was stolen and willingly possessed it. Even if  when properly used  this jury instruction does not ordinarily constitute an improper comment by the judge on the evidence, in this instance that is exactly what it became. See Tot v. United States, 319 U.S. 463, 467-71, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) (noting that only where there is a rational connection between the facts proved and the fact presumed or inferred, it is permissible to shift the burden of going forward to the defendant); County Court of Ulster County, New York v. Allen, 442 U.S. 140, 157, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) (instructing jury as to permissive inference improperly affects reasonable doubt standard only if under facts of case "there is no rational way the trier could make the connection permitted by the inference"). There was nothing about the car that would have alerted a Good Samaritan stranger asked to help push it that it was in fact stolen.
NOTES
[1] I might agree that the evidence could support the crime of aiding and abetting the theft of the stolen automobile. But with the perpetrator's testimony that this defendant was merely helping him push the stolen car and that this defendant had no knowledge that it was stolen, there simply is no evidentiary basis for a charge of possession of stolen property.