CIKLIN, J.
 

 The instant appeal requires us to determine if the trial court erred in giving a jury instruction regarding an inference to be drawn by the possession of recently stolen property. Because the victim could not positively identify the defendant as one of the two assailants at the scene of the alleged crime and because the stolen property was never found in the defendant’s possession, the proper factual basis to support the instruction on inference of knowledge was missing. Accordingly, we must reverse the defendant’s conviction and order a new trial as to this charge.
 

 The appellant, Jawara Ward, was charged with robbery (count I) and grand theft of a motor vehicle (count II). At trial, the victim testified that while riding his motorized scooter from work to home, he was accosted by two men. One man walked over and picked up the scooter while the second man observed, straddling his bicycle. The two crooks struggled to re-start the motorized scooter and eventually forced the victim to start it himself. During the encounter, both attackers reached into the victim’s pockets, making off with his money, wallet and cell phone. When the assailants left the scene, the victim ran for home and reported the crime to the police. The victim was unable to identify Ward as one of the men who had robbed him.
 

 Detective Merlin Ghobrial testified that after being assigned to the case he developed Ward as a suspect. Ward initially denied involvement in the robbery but admitted that he was given a cell phone from a man whom he knew as “Showtime.” According to Ward, Showtime informed him that he and another man had just committed a “lick”
 
 [1]
 
 and taken a phone, scooter and $30-40 cash. After linking other evidence from the robbery to Ward, including a record of phone calls made from the stolen cell phone to Ward’s brother just minutes after the robbery, Ward was placed under arrest. During a search incident to this arrest, Detective Ghobrial found a black wallet on Ward’s person that contained only the victim’s bank card. Ward then admitted that “Showtime” stole the scooter and left it in a small, secluded wooded area where the men occasionally congregated. The scooter was eventually recovered in the wooded area described by Ward.
 

 After the close of all evidence, the trial court proceeded to instruct the jury on the applicable law. As the court read the jury instructions regarding the grand theft of a motor vehicle count, it started to read the “possession of recently stolen property inference instruction” only to stop and confer with both sides as to its appropriateness. The lawyers seemingly reminded the judge that the inference instruction
 
 *856
 
 was to be removed and the trial court agreed, saying “Okay, it’s out, it’s out.” However, after reading the jury instructions pertaining to the grand theft of a motor vehicle charge including the lesser included offenses, the trial court inexplicably read the subject inference instruction:
 

 Proof of possession of recently-stolen property unless satisfactorily explained gives rise to an inference that the person in possession of the property knew or should have know that the property had been stolen.
 

 Ward was eventually found guilty as charged and sentenced to eight years in prison as to the robbery and a concurrent five years for the grand theft of a motor vehicle charge. Ward now appeals his conviction for grand theft of a motor vehicle, claiming that the trial court’s decision to give the inference instruction in connection with that count was not supported by a proper factual basis since no evidence presented at trial purported to show that Ward was ever in personal possession of the scooter.
 

 A trial court’s decision regarding jury instructions is reviewed under the abuse of discretion standard.
 
 See Carpenter v. State,
 
 785 So.2d 1182, 1199-1200 (Fla.2001) (“This Court has explained that a trial court has wide discretion in instructing the jury, and the court’s decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal.”);
 
 see also Bozeman v. State,
 
 931 So.2d 1006, 1008 (Fla. 4th DCA 2006).
 

 Section 812.022(2), Florida Statutes (2008) provides that “proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.” If the appropriate facts are present, the trial court is entitled to instruct the jury as to this “inference.”
 
 See Boone v. State,
 
 711 So.2d 594, 596 (Fla. 1st DCA 1998) (“[T]he prosecution must demonstrate a factual basis for appellant’s possession before the jury instruction may be given.”). “Perhaps most importantly, the instruction is proper only where the possession is personal, where it involves a distinct and conscious assertion of possession by the accused, and where the possession is exclusive.”
 
 Id.
 
 (citing
 
 King v. State,
 
 431 So.2d 272 (Fla. 5th DCA 1983) &
 
 Chamberland v. State,
 
 429 So.2d 842 (Fla. 4th DCA 1983)). “‘The “exclusive” requirement does not mean that defendant’s possession must be separate from the possession of all other persons. The joint possession of two or more persons acting in concert is “exclusive” as to any one of them.’ ”
 
 Bozeman,
 
 931 So.2d at 1008 (quoting
 
 Scobee v. State,
 
 488 So.2d 595, 598 (Fla. 1st DCA 1986));
 
 see also Walker v. State,
 
 896 So.2d 712, 720 n. 5 (Fla.2005).
 

 In
 
 Griffin v. State,
 
 370 So.2d 860 (Fla. 1st DCA 1979), the defendant was charged with burglary
 
 of
 
 a dwelling. The facts showed that after struggling with the victim in the victim’s home, the defendant and a co-felon made their escape. Soon thereafter officers found the co-felon lying in a field approximately one quarter of a mile from the victim’s apartment. This co-felon had in his possession watches, rings, other jewelry, and a gun belonging to the victim. However, “[t]here was no evidence at the trial tending to connect [the defendant] with [the co-felon], nor with the stolen items in [the co-felon’s] possession, other than the testimony of the victim ... who admittedly had the opportunity to observe the second assailant for only a few brief seconds during the altercation in the apartment.”
 
 Id.
 
 at 861. The court held that, under these circumstances, the issuance of the “possession of recently stolen
 
 *857
 
 goods” jury instruction amounted to reversible error because “there was no evidence of possession by defendant.”
 
 Id.
 
 at 861. The court stated that
 

 Evidence of possession by [the co-felon], who was not on trial, of property recently stolen from [the victim] would tend to identify [the co-felon] as one of the assailants, but it would have no tendency whatever to identify appellant as the second assailant. The charge given in this case, being unsupported by the evidence, was improperly given and was highly prejudicial in light of the entire record in the case which reveals that the crucial issue was identity of the appellant as one of the participants in the crime.
 

 Id.; see also Garcia v. State,
 
 899 So.2d 447, 451 (Fla. 4th DCA 2005) (holding that, for purposes of “possession of recently stolen property” instruction, appellant’s presence in a van with three other co-felons and victim’s property did not amount to “exclusive possession of the stolen property or [an] ability to exercise any dominion and control over it”).
 

 Although the evidence in the instant case revealed that Ward was in personal possession of the victim’s cell phone and wallet, there is no evidence that Ward was ever in actual possession of the
 
 scooter.
 
 While the victim testified at trial that a man on a bicycle was present when another unidentified man took his scooter, the victim was unable to identify Ward as either of the two. Moreover, fingerprints recovered from the scooter did not match those of Ward and the scooter was eventually recovered from a wooded area in the neighborhood but not in any person’s possession. The crucial inquiry in determining the existence of a proper factual basis to support this instruction is whether possession is personal and “involve[s] a distinct and conscious assertion of possession by the accused.”
 
 Chamberland,
 
 429 So.2d at 843. The lack of such evidence in this case precluded the trial court from giving the subject inference instruction.
 

 It is also clear that this was not harmless error since the crucial issue herein was the identity of the accused.
 
 See, e.g., Griffin,
 
 370 So.2d at 862 (holding that erroneous issuance of “possession of recently stolen property” instruction was “highly prejudicial” when the crucial issue was identity of the appellant as one of the participants in the crime). The inference instruction also allowed the jury to infer not only that Ward knew all the items were stolen, but that he in fact was at some time in possession of the stolen scooter. Because the evidence was completely to the contrary, the jury might reasonably have been misled because of the confusing inference instruction.
 
 See Mogavero v. State,
 
 744 So.2d 1048, 1050 (Fla. 4th DCA 1999) (holding that a trial court “should not give instructions which are confusing, contradictory, or misleading” (citations omitted)).
 

 Therefore, we must reverse Ward’s conviction for grand theft of a motor vehicle and order a new trial as to that charge.
 

 Reversed and remanded for a new trial.
 

 GROSS, C.J., and STEVENSON, J., concur.
 

 [1]
 

 . The term “lick” is often used as slang terminology for a “robbery.”