DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDRE T. JOSEPH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2576

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Haimes, Judge; L.T. Case No. 12-004631 CF10A.

Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Andre Joseph, the defendant below, appeals from his judgment and sentence for burglary of a dwelling. He raises two intertwined issues on appeal, and we find merit as to both and reverse for a new trial.

The evidence at trial revealed that the defendant used to collect scrap metal with the victim. On the day of the charged burglary, the defendant called the victim and asked him if he was home. The victim informed him he was at work. Later that day, the victim's wife arrived home from work and observed the defendant and another man attempting to carry an engine block out of the carport. The defendant explained that he had spoken to the victim and entered the property in order to repossess some window frames he had stored there. The victim's wife made a phone call to her husband, who was still at work. He denied the defendant had permission to come onto the property. The victim was aware, however, that the window frames had, in fact, been left on the property by the defendant although the victim had given them away, believing the defendant had abandoned them. The victim's wife called the authorities and before law enforcement officials arrived to investigate, the defendant

and the other man departed, leaving the engine block on the driveway. Subsequently, the victim discovered another car engine block was missing from his carport. The second engine block was never recovered.

Over objection, the court read the following standard jury instruction to the jury:

> Proof of possession by an accused of property recently stolen by means of a burglary, unless satisfactorily explained, may justify a conviction of burglary if the circumstances of the burglary and of the possession of the stolen property convince you beyond a reasonable doubt that the defendant committed the burglary.

Fla. Std. Jury Instr. (Crim.) 13.1.

The defendant argues the instruction was improper. We agree. The defendant was charged pursuant to section 810.02(1), Florida Statutes (2012), with "unlawfully enter[ing] or remain[ing]" in a dwelling "with intent to commit the offense of [t]heft therein." The statute provides the following in pertinent part:

> (b) For offenses committed after July 1, 2001, "burglary" means:
>
> 1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter; or
>
> 2. Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:
>
>    a. Surreptitiously, with the intent to commit an offense therein;
>
>    b. After permission to remain therein has been withdrawn, with the intent to commit an offense therein . . . .

§ 810.02(1)(b), Fla. Stat.

The Florida Supreme Court has explained when the instruction at issue is proper:

2

> As with all jury instructions, there must be an appropriate factual basis in the record in order to give this instruction. This means two things. First, it must be shown that the defendant, when arrested, either failed to explain or gave an incredible or unbelievable explanation for his possession of the property. Second, the instruction applies only where the property is undisputedly stolen and the question is who stole it. "[W]here there is conflict in the evidence as to the intent with which property alleged to have been stolen was taken . . . the question should be submitted to the jury without any intimation from the trial court as to the force of presumptions of fact arising from . . . the testimony." It is improper to give this instruction when its only possible effect is to allow the jury to presume that a defendant is guilty because he was in possession of the property.

*Consalvo v. State*, 697 So. 2d 805, 815 (Fla. 1996) (alterations in original) (internal citations omitted) (quoting *Curington v. State*, 86 So. 344, 345 (Fla. 1920)).

Applying *Consalvo* to these circumstances, we find the court erred in giving the instruction. Although the engine in the defendant's possession was undisputedly in the midst of being taken from the carport, and there was no dispute as to the defendant's identity, there were disputes as to whether he had permission to be on the property and what his intent was, either at the time of entry or after he was on the property. Under these circumstances, the "only possible effect [of the jury instruction was] to allow the jury to presume that [the] defendant is guilty because he was in possession of the property." *Id.*

The instruction was not harmless. We acknowledge that the defendant was caught in the act of hauling off a car engine and there was no evidence he had any claim to the engine or was given permission to take it. However, if the jury found that the defendant did not have permission to be on the property, its verdict turned on the defendant's intent *at the time he entered the property. See Ray v. State*, 933 So. 2d 716, 719 (Fla. 4th DCA 2006) (recognizing that where entry is without permission, the state must prove the intent to commit a crime therein was formed at the time of entry). There was evidence that the defendant entered the property for a legitimate purpose – to retrieve window frames he had stored there. We are unable to say that, in this context, there is no reasonable possibility the jury instruction contributed to the conviction. *See Rivers v. State*, 124 So. 3d 247, 253 (Fla. 2d DCA 2013)

3

(citing *State v. DiGuilio*, 491 So. 2d 1129 (Fla. 1986)).

We also agree with the defendant's second argument on appeal – that evidence of the missing engine was admitted in error. The victim's testimony pertaining to a missing engine was not sufficient to constitute similar fact evidence admissible under section 90.404(2), Florida Statutes (2012). *See Griffin v. State*, 639 So. 2d 966, 970 (Fla. 1994) (recognizing that a witness's "mere reference to other burglaries was obviously not similar fact evidence"). Nor was the evidence necessary for the state to "adequately describe the deed," "provide an intelligent account of the crime(s) charged," "establish the entire context out of which the charged crime(s) arose," or "adequately describe the events leading up to the charged crime(s)." *See Young v. State*, 122 So. 3d 891, 896 (Fla. 4th DCA 2013) (alterations in original) (citation omitted). Thus, the evidence was clearly not inextricably intertwined with the evidence of the charged offense. To the extent the evidence may have somehow been otherwise relevant, any probative value was outweighed by the prejudicial effect. As with the jury instruction error, we find this error was not harmless. On retrial, if the evidence remains the same, it would be error for the court to permit the introduction of evidence regarding the missing engine.

*Reversed and remanded for new trial.*

CONNER and FORST, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

4