Levine, J.
In this appeal, the trial court gave a jury instruction that possession of recently stolen property, unless satisfactorily explained, gives rise to an inference appellant knew or should have known the property was stolen. We find the trial court gave this instruction in error, and thus, we reverse the two convictions for dealing in stolen property. We affirm the two convictions for false verification of ownership to a pawn broker without further comment.
At trial, the testimony established that appellant was a friend of the victim. Sometime between June 6 and June 9, the victim loaned appellant a ladder, a chainsaw, and a pressure washer for appellant to remedy a homeowner association violation. The victim even helped appellant use the equipment until it was too dark to continue. The victim told appellant that he could continue to use the equipment until the project was completed. The victim did not specify how long appellant could keep the *1046 equipment, but the trial testimony confirmed that the city gave appellant two weeks to complete the project.
The victim was out of town from June 15 to June 30. When the victim returned, he tried to contact appellant without success. The victim went to appellant’s home, and was able to retrieve only the ladder at appellant’s residence. The victim, who never heard from appellant, finally reported the chainsaw and pressure washer stolen to the police.
The chainsaw and pressure washer were eventually located at a pawn shop, with the transaction forms showing appellant had pawned the chainsaw on June 10 and the pressure washer on June 16. Appellant signed forms affirming that he was the owner of the two items he pawned. The victim testified that the recovered equipment was in the same condition as when he lent them to appellant.
Appellant, at trial, claimed that he was unable to use the pressure washer because there was a hole burned in the water hose and that he accidentally dropped the chainsaw while cutting tree limbs. Appellant claimed that he pawned the items in order to get money to buy the victim replacement equipment.
Appellant objected to instructing the jury on the inference that his possession of the chainsaw and pressure washer meant that he knew or should have known the property was recently stolen. Appellant argued that the property was not, in fact, stolen since the victim voluntarily lent the equipment to him to use. The trial court overruled the objection, and stated:
I understand again what your argument is, he had possession [sic] to have those tools and specifically the chainsaw and the pressure washer at his home. He certainly didn’t have—I guess my position would be that once he left his property with those items, to go to a pawn shop, at that point he no longer has permission to temporarily have them. He has basically converted them to his own use and they become stolen property.
The trial court instructed the jury that to prove the crime of dealing in stolen property, the state must prove beyond a reasonable doubt that appellant trafficked in or endeavored to traffic in a chainsaw and a pressure washer and that appellant knew or should have known that the items were stolen. The court further instructed the jury, over appellant’s objection:
Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
The jury convicted appellant of each count, and this appeal ensued.
The decision to give a jury instruction is reviewed for abuse of discretion. Ward v. State, 40 So.3d 854, 856 (Fla. 4th DCA 2010). However, a trial court’s discretion is limited by the rules of evidence. Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001). Finally, and most significantly, “[a]s with all jury instructions, there must be an appropriate factual basis in the record in order to give [an] instruction” on the inference arising from possession of recently stolen property. Consalvo v. State, 697 So.2d 805, 815 (Fla. 1996); accord Ward, 40 So.3d at 856.
In order to prove the crime of dealing in stolen property, the state must prove that the defendant trafficked in, or endeavored to traffic in, property he knew or should have known was stolen. § 812.019(1), Fla. Stat. “ ‘Stolen property’ means property that has been the subject of any criminally wrongful taking.” § 812.012(7), Fla. Stat. “Traffic” means “[t]o sell, transfer, distribute, dispense, or *1047 otherwise dispose of property” or “[t]o buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.” § 812.012(8)(a), (b), Fla. Stat. Thus, the statute requires the state to prove that the defendant trafficked or sold property that he knew was stolen, or rather, the “subject of any criminally wrongful taking.” Selling the property of another person, without permission to sell that property, could potentially satisfy the requirements of the statute.
However, in this ease, the state sought, and the trial court agreed to give, Florida Standard Jury Instruction (Criminal) 14.2, which provides that the following inference may be given, when applicable, in conjunction with the instruction for dealing in stolen property: “Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.” This instruction tracks the language of section 812.022, Florida Statutes.
The case of Jones v. State, 495 So.2d 856 (Fla. 4th DCA 1986), is instructive. In Jones, the defendant took a car from an automobile dealership, claiming it “was in his possession pursuant to a legitimate purchase agreement with a used car dealer.” Id. at 857. The dealer, however, claimed that the defendant had permission only to take the car for a test drive. The dealer reported the car stolen eight days later. The trial court instructed the jury on the presumption arising from the, possession of recently stolen property.
This court determined that the giving of this specific instruction was reversible error inasmuch as “[t]he only issue at trial was whether [the defendant] intended to steal the car or took it innocently.” Id. The court explained:
Under the instruction, before the jury could make the presumption, it would have to find that the property was stolen. If the jury found that the car was stolen, however, it would find [the defendant] guilty and the case would be resolved. In other words, there would then be no need for the presumption. The presumption applies in a different type of case, that is, where the property is undisputably [sic] stolen and the question is who stole it. The only possible effect of the instruction here was to allow the jury to presume [the defendant] was guilty because he was in possession of the car.

Id.

Similarly, in the present case, the jury could find that appellant sold the equipment without the owner’s permission, and the case regarding dealing in stolen property would be resolved. Further, in this case, like Jones, appellant had permission, at least initially, to possess the chainsaw and pressure washer. Like in Jones, the question was not who possessed the property or who later converted or stole the property. Rather, it was undisputed that the victim lent the property to appellant. The issue that remained was whether appellant dealt in stolen property when he sold the property to the pawn broker. If he did, then like in Jones, “there would then be no need for the presumption.” Id. Thus, it was error to give this instruction.
Our holding is consistent with other cases that have reversed where the trial court gave an instruction on the inference arising from possession of recently stolen property in the absence of a proper factual basis. See Ward, 40 So.3d at 857 (reversing where the stolen property was never found in the defendant’s possession); King v. State, 431 So.2d 272, 273 (Fla. 5th DCA 1983) (reversing where no evidence that appellant “possessed the goods to the ex *1048 tent that he exercised any dominion and control over them”); Boone v. State, 711 So.2d 594, 596 (Fla. 1st DCA 1998) (reversing where “no evidence suggests that appellant, at the time he was taken into custody, personally possessed or had control or custody over the stolen boxes”); Jeudy v. State, 209 So.3d 37, 39 (Fla. 4th DCA 2016) (reversing where court gave instruction on inference arising from proof of purchase of stolen property “at a price substantially below the fair market value” where state did not present evidence of fair market value at time of purchase); Nshaka v. State, 92 So.3d 843, 847 (Fla. 4th DCA 2012) (reversing where “no proof was presented that [defendant] had personal and exclusive dominion and control over the stolen property,” which had not been recently stolen); Barfield v. State, 613 So.2d 507, 507 (Fla. 1st DCA 1993) (reversing where court gave instruction on inference arising from proof of purchase of stolen property “at a price substantially below the fair market value” where “[n]o concrete evidence of the [property’s] current fair market value was offered at trial”).
In summary, we find the trial court erred in giving this instruction, and as such, we reverse and remand regarding the two convictions of dealing in stolen property. As to the two convictions of false verification of ownership to a pawnbroker, we affirm.

Affirmed in part, reversed in part, and remanded.

Warner and Taylor, JJ., concur.