WIGGINTON, Judge.
Appellant appeals his conviction, after jury trial, of dealing in stolen property, challenging the giving of a certain jury instruction. We reverse his conviction and remand for a new trial.
Appellant was originally charged with dealing in stolen property and grand theft of certain fishing equipment belonging to Jesse Moore. At the close of the evidence, the trial judge reduced the grand theft charge to petit theft. The jury found appellant guilty on both counts but, pursuant to section 812.025, Florida Statutes, the trial judge vacated the petit theft conviction.
At trial, Jesse Moore testified that on May 25, 1990, fishing equipment, including a used cast net which had been worth $135 when it was new, was stolen from his garage. He reported the theft the next day. His fishing equipment, including the cast net, was recovered from a pawn shop. The pawn shop owner testified and produced a pawn slip showing that Moore’s cast net was pawned at his shop by appellant for $15 on May 25, 1990.
Appellant’s defense was that he bought the net from a friend on May 24, 1990 (the day before the theft even occurred) for $10 and pawned it the next day. Appellant testified that he had thought the net could be pawned for $20 to $25. No concrete evidence of the net’s current fair market value was offered at trial. Nevertheless, over the objection of defense counsel, pursuant to section 812.022(3), Florida Statutes (1989), the trial judge gave the following instruction to the jury when instructing on the dealing in stolen property count:
Proof of the purchase or sale of stolen property at a price substantially below the fair market value unless satisfactorily explained gives rise to an inference that a person buying or selling the property knew or should have known that the property had been stolen.
*508 Appellant argues that giving that instruction was error because the fair market value of the cast net was never established. We agree.
In Fenelon v. State, 594 So.2d 292 (Fla.1992), the court directed that the jury instruction on flight no longer be given. In so declaring the court recognized that the flight instruction has long been eliminated from the Florida Standard Jury Instructions in Criminal Cases, apparently in an effort to eliminate language which might be construed as a comment on the evidence. Id. at 294. The court also expressed concern over the fact that a meaningful standard is lacking for assessing what type of evidence merits giving that instruction.
We note that the instant instruction also has not been included in the Florida Standard Jury Instructions in Criminal Cases. Similar to the situation in some flight instruction cases, in the instant case, considering the lack of proof of the net’s current fair market value, the evidence was insufficient to support the giving of the challenged instruction. Further, the words “substantially below the fair market value,” do not provide terms sufficiently defined to adequately inform a jury as to the appropriate circumstances in which to apply the inference created by. that instruction especially when the proof of fair market value is as deficient as it was in this case. More importantly, as was the court in Fenelon, we are troubled by the lack of a meaningful standard for assessing what type of evidence merits the giving of the instant instruction. Consequently, we are concerned that this instruction amounts to an improper comment on the evidence by the trial judge and thereby invades the province of the jury. For those reasons, we find that the giving of this instruction was error.
Unlike in Fenelon, we cannot conclude that the giving of the instruction in this case was harmless beyond a reasonable doubt. Therefore, we reverse his conviction and remand for a new trial.
ALLEN and WEBSTER, JJ., concur.