PER CURIAM.
Selig Hadley raises two issues in this appeal of judgment and sentence for third degree grand theft following a jury trial. We find merit in his challenge of the giving of a certain jury instruction, and reverse and. remand.
The trial court erred in instructing the jury on the inference of guilt that arises when an individual purchases or sells property at a price substantially below fair *849 market value. Although this instruction was a correct statement of the law as set forth in section 812.022(3), Florida Statutes (2013), giving the instruction in this case was error because no concrete evidence was presented of the market value of the stolen property at the time of the alleged theft. Barfield v. State, 613 So.2d 507, 508 (Fla. 1st DCA 1993) (reversing conviction where “[n]o concrete evidence of the [stolen property’s] current fair market value was offered at trial.”). Based on our review of the record, we cannot conclude the error was harmless.
Accordingly, we REVERSE Hadley’s judgment and sentence and REMAND for a new trial.
VAN NORTWICK, WETHERELL, and MAKAR, JJ., concur.