# Supreme Court of Florida

_____

No. SC15-1172
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2015-04.**

[April 14, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing amendments to six existing

standard criminal jury instructions and the addition of one new instruction.  The

Committee asks that the Court authorize the amended standard instructions and

new instruction for publication and use.  We have jurisdiction.  See art. V, § 2(a),

Fla. Const.

The Committee proposes amending the following existing standard criminal

jury instructions:  10.6 (Discharging a Firearm [in Public] [on Residential

Property]); 14.1 (Theft); 14.2 (Dealing in Stolen Property (Fencing)); 14.3

(Dealing in Stolen Property (Organizing)); 16.1 (Aggravated Child Abuse); and

16.3 (Child Abuse).  The Committee also proposes adding new instruction 20.18(a)

(Unlawful Possession of Personal Identification Information of Another Person). The Committee published its proposals in The Florida Bar News.  Two comments were received by the Committee.  Post-publication, the Committee made changes to instructions 10.6 and 14.1, and republished its proposed amendments to instruction 14.1.  No additional comments were received.  The Court did not publish the proposals after they were filed.

Having considered the Committee's report and the comments submitted to the Committee, we authorize for publication and use amended instructions 10.6, 14.1, 14.2, 14.3, 16.1, and 16.3 as proposed by the Committee.  We also authorize new instruction 20.18(a) as proposed by the Committee, with one exception as discussed below.

We note the following more significant changes to the jury instructions. First, instruction 10.6 (Discharging a Firearm [in Public] [on Residential Property]) is amended to clarify when the jury should find a defendant not guilty, if the burden of persuasion is on the state.  Additionally, the instruction is amended to make clear that the burden of persuasion is on the State with respect to the affirmative defenses of self-defense, defense of others, and defense of property. Next, with respect to instructions 14.1 (Theft), 14.2 (Dealing in Stolen Property (Fencing)), and 14.3 (Dealing in Stolen Property (Organizing)), language is added to explain that a judge should not instruct on the "fair market value inference,"

- 2 -

which allows the jury to infer that a person knowingly bought or sold stolen goods in certain instances, unless there is evidence of the fair market value of the stolen property. Also, with respect to instruction 14.1, language is added indicating that the "good faith defense" is not an affirmative defense to the crime of theft, but rather, negates an essential element of the offense. Finally, with respect to instructions 16.1 (Aggravated Child Abuse) and 16.3 (Child Abuse), the word "knowingly" is not included in the definition of "willfully."

New instruction 20.18(a) (Unlawful Possession of Personal Identification Information of Another Person) is added in response to chapter 2013-242, section 1, Laws of Florida, which created section 817.5685, Florida Statutes. The instruction sets out the two elements of the crime of unlawful possession of the personal identification of another person: 1) Defendant intentionally or knowingly possessed the personal identification information of victim, and 2) Defendant did not have authorization to do so. The instruction further defines the concept of possession, and lays out seven affirmative defenses to the crime. With respect to the explanation of "constructive possession," the Court is unaware of any case law that has held the current explanation of constructive possession deficient. For that reason, we decline to include the Committee's explanation of constructive possession in new instruction 20.18(a), and instead, modify the instruction to

include the constructive possession language used in existing Florida Standard Criminal Jury Instructions.

The instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[1] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underscoring and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; Judge Jerri Lynn Collins, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

**Appendix**

## 10.6 DISCHARGING A FIREARM [IN PUBLIC]
## [ON RESIDENTIAL PROPERTY]
§ 790.15, Fla. Stat.

**To prove the crime of Discharging a Firearm [in Public] [on Residential Property], the State must prove the following element beyond a reasonable doubt:**

*Give a, b, c, and/or d as applicable.*
    a. {(Defendant) **knowingly discharged a firearm in a public place.**}

    b. {(Defendant) **knowingly discharged a firearm [on] [over] the right of way of a paved public road, highway, or street.**}

    c. {(Defendant) **knowingly discharged a firearm over an occupied premises.**}

    d. {(Defendant) **[recklessly] [negligently] discharged a firearm outdoors on property [used primarily as the site of a dwelling] [zoned exclusively for residential use].**}

*Definitions.*
**A "public place" is any place intended or designed to be frequented or resorted to by the public.**

**"Knowingly" means with full knowledge and intentionally.**

**"Recklessly" means with a conscious and intentional indifference to consequences.**

**"Negligently" means failing to use reasonable care under the circumstances.**

*Fla. Stat. § 810.011(2), Fla. Stat.*
**"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.**

*Fla. Stat.* § 790.001(6)*, Fla. Stat.*

A "firearm" is any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [including any machine gun or any destructive device]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.]

*Fla. Stat.* § 790.001(1)*, Fla. Stat.*

["Antique firearm" means any firearm manufactured in or before 1918 (including any matchlock, flintlock, percussion cap, or similar early type of ignition system) or replica thereof, whether actually manufactured before or after the year 1918, and also any firearm using fixed ammunition manufactured in or before 1918, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade.]

*Fla. Stat.* § 790.001(4)*, Fla. Stat.*

["Destructive device" means any bomb, grenade, mine, rocket, missile, pipebomb, or similar device containing an explosive, incendiary, or poison gas and includes any frangible container filled with an explosive, incendiary, explosive gas, or expanding gas, which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damage; any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assembled; any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms; any type of weapon which will, is designed to, or may readily be converted to expel a projectile by the action of any explosive and which has a barrel with a bore of one-half inch or more in diameter; and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device.

"Destructive device" does not include:
(a)   A device which is not designed, redesigned, used, or intended for use as a weapon;
(b)   Any device, although originally designed as a weapon, which is redesigned so that it may be used solely as a signaling, line-throwing, safety, or similar device;

**(c)** Any shotgun other than a short-barreled shotgun; or

**(d)** Any nonautomatic rifle (other than a short-barreled rifle) generally recognized or particularly suitable for use for the hunting of big game.]

*Affirmative Defense. See § 790.15(1), Fla. Stat.*

*The statute and case law* (with the exception of self-defense, defense of others, and defense of property case law) *are silent as to 1) which party bears the burden of persuasion of the affirmative defense and 2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinions in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

**It is a defense to the crime of Discharging a Firearm [in Public] [on Residential Property] if the defendant was [lawfully defending life or property] [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry].**

*If burden of persuasion is on the defendant:*

**If you find that defendant proved** *(insert appropriate burden of persuasion)* **that [he] [she] was ~~[lawfully defending life or property]~~ [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry], you should find [him] [her] not guilty. If the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] was ~~[lawfully defending life or property]~~ [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry], you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*If burden of persuasion is on the State:*

**If you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant was not [lawfully defending life or property] [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry], you should find [him] [her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt. However, if** ~~you are not convinced~~the State failed to prove *(insert appropriate burden of persuasion)* **that the defendant was** **not** **[lawfully defending life or property] [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry], you should find [him] [her] not guilty.**

**Lesser Included Offenses**

| DISCHARGING A FIREARM [IN PUBLIC] [ON RESIDENTIAL PROPERTY] — 790.15 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1981 and was amended in 1989 ~~and~~ [543 So. 2d 1205], 2013 [131 So. 3d 755], and 2016.

**14.1 THEFT**
§ 812.014, Fla. Stat.

**To prove the crime of Theft, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **knowingly and unlawfully [obtained or used] [endeavored to obtain or to use] the** (property alleged) **of** (victim)**.**

2.  **[He] [She] did so with intent to, either temporarily or permanently,**

a.  [deprive (victim) **of [his] [her] right to the property or any benefit from it.]**

b.  [appropriate the property of (victim) **to [his] [her] own use or to the use of any person not entitled to it.]**

*Degrees. Give as applicable.*
**If you find the defendant guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

a.  [the value of the property taken was $100,000 or more.]

b.  [the value of the property taken was $20,000 or more but less than $100,000.]

c.  [the value of the property taken was $10,000 or more but less than $20,000.]

d.  [the value of the property taken was $5,000 or more but less than $10,000.]

e.  [the value of the property taken was $300 or more but less than $5,000.]

f.  [the value of the property taken was $100 or more but less than $300.]

g.  [the value of the property taken was less than $100.]

h.  [the property taken was a semitrailer that was deployed by a law enforcement officer.]

i.  [the property taken was cargo valued at $50,000 or more that has entered the stream of commerce from the shipper's loading platform to the consignee's receiving dock.]

j.  [the property taken was cargo valued at less than $50,000 that has entered the stream of commerce from the shipper's loading platform to the consignee's receiving dock.]

**k.** [the property taken was emergency medical equipment valued at $300 or more that was taken from [a licensed facility] [an emergency medical aircraft or vehicle].]

*l.* [the property taken was law enforcement equipment valued at $300 or more that was taken from an authorized emergency vehicle.]

**m.** [(defendant)**, individually or in concert with one or more persons, coordinated the activities of another in committing the theft and the value of the property taken was more than $3,000.**]

**n.** [the stolen property was [a will, codicil, or other testamentary instrument] [a firearm] [a motor vehicle] [a commercially farmed animal] [an aquaculture species raised at a certified aquaculture facility] [a fire extinguisher] [2,000 or more pieces of citrus fruit] [taken from a legally posted construction site] [a stop sign] [anhydrous ammonia] [a controlled substance. Under Florida law,** (name of controlled substance) **is a controlled substance.**]]

**o.** [the value of the property taken was $100 or more but less than $300, and was taken from [a dwelling] [the unenclosed curtilage of a dwelling].]

*Give if applicable but only in cases of grand theft. § 812.014(2)(a)3, Fla. Stat.*

**If you find the defendant guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

**p.** [in the course of committing the theft,** (defendant) **used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the theft and thereby damaged the real property of another.**]

**q.** [in the course of committing the theft,** (defendant) **caused more than $1,000 in damage to the [real] [personal] property of another.**]

- 11 -

*State of emergency. Applies only to elements b, c, d, j, k and l above.*
**If you find** (defendant) **guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

    **r. [the theft was committed within a county that was subject to a state of emergency that had been declared by the governor under Chapter 252, the "State Emergency Management Act"**

    **and**

    **the perpetration of the theft was facilitated by conditions arising from the emergency.]**

*Inferences.  Give if applicable.  § 812.022(1), Fla. Stat.*
**Proof that a person presented false identification, or identification not current in respect to name, address, place of employment, or other material aspect in connection with the leasing of personal property, or failed to return leased property within 72 hours of the termination of the leasing agreement, unless satisfactorily explained, gives rise to an inference that the property was obtained or is now used with unlawful intent to commit theft.**

*§ 812.022(2), Fla. Stat.*
**Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.**

*§ 812.022(3), Fla. Stat. <u>Do not give unless there is evidence of the fair market value of the stolen property. Barfield v. State, 613 So. 2d 507 (Fla. 1st DCA 1993).</u>*
**Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.**

*§ 812.022(4), Fla. Stat.*
**Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.**

*§ 812.022(5), Fla. Stat.*

**Proof that a dealer who regularly deals in used property possesses stolen property upon which a name and phone number of a person other than the offeror of the property are conspicuously displayed gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.**

*§ 812.022(6), Fla. Stat.*

**Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.**

*Definitions. Give if applicable.*
*§ 316.003, Fla. Stat.*

**"Authorized emergency vehicles" are vehicles of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments, public service corporations operated by private corporations, the Department of Environmental Protection, the Department of Health, the Department of Transportation, and the Department of Corrections as are designated or authorized by their respective department or the chief of police of an incorporated city or any sheriff of any of the various counties.**

*§ 812.012(1), Fla. Stat.*

**"Cargo" means partial or entire shipments, containers, or cartons of property which are contained in or on a trailer, motortruck, aircraft, vessel, warehouse, freight station, freight consolidation facility, or air navigation facility.**

*§ 812.014(2), Fla. Stat.*

**"Conditions arising from the emergency" means civil unrest, power outages, curfews, voluntary or mandatory evacuations, or a reduction in the presence of or response time for first responders or homeland security personnel.**

*§ 810.011(2), Fla. Stat.*

**"Dwelling" means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. For purposes of theft, a "dwelling" includes an attached porch or attached garage.**

*§ 812.014(2)(b)3, Fla. Stat.*

**"Emergency medical aircraft or vehicle" means any aircraft, ambulance or other vehicle used as an emergency medical service vehicle that has been issued a permit in accordance with Florida law.**

*§ 812.014(2)(b)3, Fla. Stat.*

**"Emergency medical equipment" means mechanical or electronic apparatus used to provide emergency service and care or to treat medical emergencies.**

*§ 395.002(10), Fla. Stat.*

**"Emergency service and care" means medical screening, examination, and evaluation by a physician, or other medically appropriate personnel under the supervision of a physician, to determine if an emergency medical condition exists, and if it does, the care, treatment, or surgery by a physician necessary to relieve or eliminate the emergency medical condition, within the service capability of the facility.**

*§ 812.014(2)(b)4, Fla. Stat., and § 943.10, Fla. Stat.*

**"Law enforcement equipment" means any property, device, or apparatus used by a law enforcement officer in the officer's official business. A law enforcement officer is any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

*§ 810.09(2)(d), Fla. Stat.*
*If the construction site is greater than one acre in area, see § 810.09(2)(d)1, Fla. Stat., and § 810.011(5)(a), Fla. Stat.*

A **"legally posted construction site"** means a construction site of one acre or less in area with a sign prominently placed on the property where the construction permits are located, in letters no less than two inches in height, that reads in substantially the following manner:  **"THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY."**

*§ 395.002(17), Fla. Stat.*
**"Licensed facility"** means a hospital, ambulatory surgical center, or mobile surgical facility licensed by the Florida Agency for Health Care Administration.  *See chapter 395, Fla. Stat.*

*§ 810.09(1)(b), Fla. Stat.*
**"Unenclosed curtilage"** means the unenclosed land or grounds, and any outbuildings, that are directly and intimately adjacent to and connected with the dwelling and necessary, convenient, and habitually used in connection with that dwelling.

*§ 812.012(3), Fla. Stat.*
**"Obtains or uses"** means any manner of

    a.  **Taking or exercising control over property.**

    b.  **Making any unauthorized use, disposition, or transfer of property.**

    c.  **Obtaining property by fraud, willful misrepresentation of a future act, or false promise.**

    d.  **Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, deception; or other conduct similar in nature.**

**"Endeavor"** means to attempt or try.

*§ 812.012(4), Fla. Stat.*
**"Property" means anything of value, and includes:**

**[real property, including things growing on, affixed to and found in land.]**
**[tangible or intangible personal property, including rights, privileges, interests, <u>and</u> claims<u>.</u>]**
**[services.]**

*§ 812.012(6), Fla. Stat.*
**"Services" means anything of value resulting from a person's physical or mental labor or skill, or from the use, possession, or presence of property, and includes:**

**[repairs or improvements to property.]**
**[professional services.]**
**[private, public or government communication, transportation, power, water, or sanitation services.]**
**[lodging accommodations.]**
**[admissions to places of exhibition or entertainment.]**

*§ 812.012(10), Fla. Stat.*
**"Value" means the market value of the property at the time and place of the offense, or if that value cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.**

**If the exact value of the property cannot be ascertained, you should attempt to determine a minimum value. If you cannot determine the minimum value, you must find the value is less than $100.**

*Theft of an Instrument. Give if applicable.*
**In the case of a written instrument that does not have a readily ascertainable market value, such as a check, draft, or promissory note, the value is the amount due or collectible.**
**In the case of any other instrument that creates, releases, discharges or otherwise affects any valuable legal right, privilege, or obligation, the value is the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.**

*Theft of a Trade Secret. Give if applicable.*

**The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner suffered by reason of losing an advantage over those who do not know of or use the trade secret.**

*Theft Pursuant to One Scheme. Give if applicable.*

**Amounts of value of separate properties involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the same person or several persons, may be added together to determine the total value of the theft.**

<u>*Good faith defense. Give if applicable. Cliff Berry, Inc. v. State, 116 So. 3d 394 (Fla. 3d DCA 2012).*</u>

<u>**It is a defense to the charge of Theft if** (defendant) **had an honest, good faith belief that [he] [she] had the right to possess the** (property alleged) **of** (victim)**.**</u>

<u>**If you have a reasonable doubt about whether** (defendant) **had an honest, good faith belief, even though unreasonable or mistaken, that [he] [she] had the right to possess the** (property alleged) **of** (victim)**, you should find [him] [her] not guilty of Theft.**</u>

<u>**If you find the State proved beyond a reasonable doubt the defendant did not have a honest, good faith belief that [he] [she] had the right to possess the** (property alleged) **of** (victim)**, you should find [him] [her] guilty, if all of the elements of Theft have been proven beyond a reasonable doubt.**</u>

**Lesser Included Offenses**

| GRAND THEFT — FIRST DEGREE (PROPERTY VALUED AT $100,000 OR MORE) — 812.014(2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Grand theft — second degree | | 812.014(2)(b) | 14.1 |
| Grand theft — third degree | | 812.014(2)(c)1.,2.,3. | 14.1 |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — SECOND DEGREE (PROPERTY VALUED AT $20,000 OR MORE BUT LESS THAN $100,000) — 812.014(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Grand theft — third degree | | 812.014(2)(c)1.,2.,3. | 14.1 |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — THIRD DEGREE (PROPERTY VALUED AT $300 OR MORE BUT LESS THAN $20,000) — 812.014(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — THIRD DEGREE (A MOTOR VEHICLE) — 812.014(2) (c)6 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Trespass to conveyance | 810.08 | 13.3 |

| GRAND THEFT — THIRD DEGREE (PROPERTY VALUED AT $100 OR MORE BUT LESS THAN $300 AND TAKEN FROM DWELLING) — 812.014(2)(d) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | None | 812.014(3)(a) | 14.1 |

| PETIT THEFT — FIRST DEGREE — 812.014(2)(e) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | None | | |

| PETIT THEFT — FIRST DEGREE — 812.014(3)(b) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | None | | |

| PETIT THEFT — SECOND DEGREE — 812.014(3)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | None | | |

| FELONY PETIT THEFT — 812.014(3)(c) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Petit theft — first degree | | 812.014(3)(b) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |

**Comments**

It is error to inform the jury of a prior theft conviction. Therefore, if the information or indictment contains an allegation of one or more prior theft convictions, do not read that allegation and do not send the information or indictment into the jury room.  If the defendant is found guilty of a theft, the historical fact of a previous theft conviction shall be determined beyond a reasonable doubt in a bifurcated proceeding. State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [508 So. 2d 1221], 1989 [543 So. 2d 1205], 1992 [603 So. 2d 1175], 2003 [850 So. 2d 1272], 2005 [911 So. 2d 766 and 915 So. 2d 609], 2008 [986 So. 2d 563], ~~and~~ 2013 [109 So. 3d 721], and 2016.

## 14.2 DEALING IN STOLEN PROPERTY (FENCING)
§ 812.019(1), Fla. Stat.

**To prove the crime of Dealing in Stolen Property (Fencing), the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **[trafficked in] [endeavored to traffic in]** (property alleged)**.**

**2.** (Defendant) **knew or should have known that** (property alleged) **was stolen.**

*Inferences. Give if applicable. § 812.022(2), Fla. Stat.*
**Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.**

*Inferences. Give if applicable. § 812.022(3), Fla. Stat. Do not give unless there is evidence of the fair market value of the stolen property. Barfield v. State, 613 So. 2d 507 (Fla. 1st DCA 1993).*
**Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.**

*Inferences. Give if applicable. § 812.022(4), Fla. Stat.*

**Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.**

*Inferences. Give if applicable. § 812.022(5), Fla. Stat.*

**Proof that a dealer who regularly deals in used property possesses stolen property, upon which a name and phone number of a person other than the offeror of the property are conspicuously displayed, gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.**

*Inferences. Give if applicable. § 812.022(6), Fla. Stat.*

**Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.**

*Definitions.*
*§ 812.012(3), Fla. Stat.*

**"Property" means anything of value, and includes: real property, including things growing on, affixed to and found in land; tangible or intangible personal property, including rights, privileges, interests, and claims; and services.**

*§§ 812.012(6), 812.028(3), Fla. Stat.*

**"Stolen property" means property that has been the subject of any criminally wrongful taking or if the property has not been stolen, that it was offered for sale to** (defendant) **as stolen property.**

*§ 812.012(7), Fla. Stat.*

**"Traffic" means: to sell, transfer, distribute, dispense or otherwise dispose of property; and to buy, receive, possess, obtain control of or use property with the intent to sell, transfer, distribute, dispense or otherwise dispose of that property.**

*Give if both theft and dealing in stolen property are submitted to the jury*:

**You will receive separate verdict forms for theft and dealing in stolen property as the defendant was charged with both crimes.**

**If you find that the State has not proven theft and dealing in stolen property, then you are to find the defendant not guilty of both offenses.**

**If you find that the State has proven theft, but not dealing in stolen property, then you are to find the defendant guilty of theft and not guilty of dealing in stolen property.**

**If you find that the State has proven dealing in stolen property, but not theft, then you are to find the defendant guilty of dealing in stolen property and not guilty of theft.**

**If you find that the State has proven both theft and dealing in stolen property, you must then decide whether both offenses were in connection with one scheme or course of conduct. "One scheme or course of conduct" means that there was no meaningful disruption of the defendant's conduct by either an interval of time or a set of circumstances.**

**If you find that both theft and dealing in stolen property were proven by the State, and the offenses were not in connection with one scheme or course of conduct, then you are to find the defendant guilty of both theft and dealing in stolen property.**

**If you find that both theft and dealing in stolen property were proven by the State, and the offenses were in connection with one scheme or course of conduct, then the defendant must be convicted of either theft or dealing in stolen property. In making your decision, you must determine whether the defendant is more of a common thief or more of a trafficker. This determination rests on the defendant's intended use of the stolen property. The defendant is a "common thief" if [he][she] had the intent to appropriate the property to [his] [her] own use or to the use of any person not entitled to the use of the property. The defendant is a "trafficker" if [he][she] had the intent to traffic in the stolen property. If you find the defendant more of a "common thief," then you are to find the defendant guilty of theft only. If you find the defendant more of a "trafficker," then you are to find the defendant guilty of dealing in stolen property only.**

## Lesser Included Offenses

| DEALING IN STOLEN PROPERTY — TRAFFICKING — 812.019(1) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | Grand theft — third degree | 812.014(2)(c) | 14.1 |
| | Petit theft — first degree | 812.014(2)(e) | 14.1 |
| | Petit theft — second degree | 812.014(3)(a) | 14.1 |

## Comment

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 2007 [962 So. 2d 310], by adding the inferences in § 812.022(2)-(6), Fla. Stat., 2013 [121 So. 3d 520], and 2014 [140 So. 3d 992], and 2016.

## 14.3 DEALING IN STOLEN PROPERTY (ORGANIZING)
§ 812.019(2), Fla._Stat.

**To prove the crime of Dealing in Stolen Property (Organizing), the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **[initiated] [organized] [planned] [financed] [directed] [managed] [supervised] the theft of** (property alleged)**.**

2.  (Defendant) **trafficked in the** (property alleged)**.**

*Inferences. Give if applicable. § 812.022(2), Fla. Stat.*
**Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.**

*Inferences. Give if applicable. § 812.022(3), Fla. Stat. Do not give unless there is evidence of the fair market value of the stolen property. Barfield v. State, 613 So. 2d 507 (Fla. 1st DCA 1993).*
**Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.**

*Inferences. Give if applicable. § 812.022(4), Fla. Stat.*
**Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.**

*Inferences. Give if applicable. § 812.022(5), Fla. Stat.*
**Proof that a dealer who regularly deals in used property possesses stolen property, upon which a name and phone number of a person other than the offeror of the property are conspicuously displayed, gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.**

*Inferences.  Give if applicable. § 812.022(6), Fla. Stat.*
**Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.**

*Definitions.*
*§ 812.012(3), Fla._Stat.*
**"Property" means anything of value, and includes:**
> **real property, including things growing on, affixed to and found in land;**
>
> **tangible or intangible personal property, including rights, privileges, interests, and claims; and**
>
> **services.**

*§§ 812.012(6), 812.028(3), Fla. Stat.*
**"Stolen property" means property that has been the subject of any criminally wrongful taking or if the property has not been stolen, that it was offered for sale to** (defendant) **as stolen property.**

*§ 812.012(7), Fla. Stat.*
**"Traffic" means:**

**to sell, transfer, distribute, dispense or otherwise dispose of property; and**

**to buy, receive, possess, obtain control of or use property with the intent to sell, transfer, distribute, dispense or otherwise dispose of that property.**

**Lesser Included Offenses**

| DEALING IN STOLEN PROPERTY — MANAGING AND TRAFFICKING — 812.019(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Dealing in stolen property | | 812.019(1) | 14.2 |
| | None | | |

**Comment**

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], and in 2007, by adding the Inferences in § 812.022(2)-(6), Fla. Stat. [962 So. 2d 310], and 2016.

**16.1 AGGRAVATED CHILD ABUSE**
§ 827.03(2)(a), Fla. Stat.

**To prove the crime of Aggravated Child Abuse, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant)

*Give as applicable.*
a. **committed aggravated battery upon** (victim)**.**

b. **willfully tortured** (victim)**.**

c. **maliciously punished** (victim)**.**

d. **willfully and unlawfully caged** (victim)**.**

    e.  **knowingly or willfully committed child abuse upon** (victim) **and in so doing caused great bodily harm, permanent disability, or permanent disfigurement to** (victim)**.**

2.  (Victim) **was under the age of 18 years.**

*Give if element 1a is alleged.*
**In order to prove that an aggravated battery was committed, the State must prove the following:**

1.  (Defendant) **intentionally**

    *Give as applicable.*
    a.  **touched or struck** (victim) **against the will of** (victim)**.**

    b.  **caused bodily harm to** (victim)**.**

  *Give as applicable.*
2.  a.  **In so doing,** (defendant) **intentionally or knowingly caused [great bodily harm] [permanent disability] [permanent disfigurement] [or] [used a deadly weapon].**

    b.  **At the time,** (victim) **was pregnant and** (defendant) **knew or should have known** (victim) **was pregnant.**

*Give if applicable.*
**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if element 1b, 1d, or 1e is alleged.*
**"Willfully" means** ~~knowingly,~~ **intentionally**~~,~~ **and purposely.**

*Give if element 1c is alleged.* ~~*Fla. Stat.*~~ *§ 827.03(c)<u>, Fla. Stat</u>.*
**"Maliciously" means wrongfully, intentionally, and without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable parent would not have engaged in the damaging acts toward the child for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.**

*Give if element 1e is alleged.* ~~Fla. Stat.~~ *§ 827.03(1)(b), Fla. Stat.*

**"Child Abuse" means [the intentional infliction of physical or mental injury upon a child] [an intentional act that could reasonably be expected to result in physical or mental injury to a child] [active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child].**

*Give if applicable.* ~~Fla. Stat.~~ *§ 827.03(1)(d), Fla. Stat.*

**"Mental injury" means injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability of the child to function within the normal range of performance and behavior as supported by expert testimony.**

*Parental affirmative defense. Give if applicable. See Raford v. State, 828 So. 2d 1012 (Fla. 2002). See § 39.01(49), Florida Statutes, if the defendant's status as a parent is at issue.*

*§ 827.03, Fla. Stat., and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence. The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinions in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

**It is not a crime for [a parent] [a person who is acting in place of a parent] of a child to impose reasonable physical discipline on a child for misbehavior under the circumstances even though physical injury resulted from the discipline.**

*If burden of persuasion is on the defendant:*

**If you find that the defendant proved** *(insert appropriate burden of persuasion)* **that [he] [she] was [a parent] [a person acting in place of a parent] of** (victim) **and that [he] [she] imposed reasonable physical discipline on** (victim) **for misbehavior under the circumstances, you should find [him] [her] not guilty.**

**If the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] was [a parent] [a person acting in place of a parent] of** (victim) **or if the defendant did not prove that [he] [she] imposed reasonable physical discipline on** (victim) **for misbehavior under the circumstances**, **you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

*If burden of persuasion is on the State:*
**If you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant was not [a parent] [a person acting in place of a parent] of** (victim) **or if you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant's physical discipline on** (victim) **was not reasonable for misbehavior under the circumstances, you should find [him] [her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt.**

## Lesser Included Offenses

| AGGRAVATED CHILD ABUSE — 827.03(2)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Aggravated Battery; if element 1a is charged | | 784.045 | 8.4, 8.4(a) |
| Felony Battery; if element 1a is charged | | 784.041 | 8.5 |
| Battery; if element 1a is charged and only under certain circumstances. See *Kama v. State*, 507 So. 2d 154 (Fla. 2d DCA 1987) | | 784.03 | 8.3 |
| Child Abuse; if element 1e is charged | | 827.03(2)(c) | 16.3 |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 1981 and amended in 2002 [824 So. 2d 881], 2005 [911 So. 2d 766], 2013 [122 So. 3d 263], ~~and~~ 2014 [152 So. 3d 475], and 2016.

# 16.3 CHILD ABUSE
§ 827.03(2)(c), Fla. Stat.

**To prove the crime of Child Abuse, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **knowingly or willfully abused** (victim) **by:**

*Give as applicable.*

a. **intentionally inflicted~~ing~~ [physical] [or] [mental] injury upon** (victim)**.**

b. **committed~~ing~~ an intentional act that could reasonably be expected to result in [physical] [or] [mental] injury to** (victim)**.**

c. **actively encouraged~~ing~~ another person to commit an act that resulted in or could reasonably have been expected to result in [physical] [or] [mental] injury to** (victim)**.**

**2.** (Victim) **was under the age of 18 years.**

*Parental affirmative defense. Give if applicable. See Raford v. State, 828 So. 2d 1012 (Fla. 2002). See § 39.01(49), Florida Statutes, if the defendant's status as a parent is at issue.*

*§ 827.03 Fla. Stat., and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

**It is not a crime for [a parent] [a person who is acting in place of a parent] of a child to impose reasonable physical discipline on a child for misbehavior under the circumstances even though physical injury resulted from the discipline.**

*If burden of persuasion is on the defendant:*
**If you find that defendant proved** *(insert appropriate burden of persuasion)* **that [he] [she] was [a parent] [a person acting in place of a parent] of** (victim) **and that [he] [she] imposed reasonable physical discipline on** (victim) **for misbehavior under the circumstances, you should find [him] [her] not guilty.**

**If the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] was [a parent] [a person acting in place of a parent] of** (victim) **or if you find that the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] imposed reasonable physical discipline on** (victim) **for misbehavior under the circumstances, you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

*If burden of persuasion is on the State:*
**If you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant was not [a parent] [a person acting in place of a parent] of** (victim) **or if you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant's physical discipline on** (victim) **was not reasonable for misbehavior under the circumstances, you should find [him] [her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt.**

*Definitions, give as applicable.*
**"Willfully" means intentionally and purposely.**

*§ 827.03(1)(d), ~~Florida Statutes~~ Fla. Stat.*
**"Mental injury" means an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability to function within the normal range of performance and behavior as supported by expert testimony.**

**Lesser Included Offenses**

| CHILD ABUSE — 827.03(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Contributing to the dependency of a minor | 827.04(1) | 16.4 |
| | Battery; only under certain circumstances. See *Kama v. State*, 507 So. 2d 154 (Fla. 1st DCA 1987) | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

See *Raford v. State*, 828 So. 2d 1012 (Fla. 2002)~~,~~ and *Dufresne v. State*, 826 So. 2d 272 (Fla. 2002)~~,~~ for authority to incorporate definitions from Chapter 39, Florida Statutes.

This instruction was adopted in 1981 and amended in 1985, 1989, 2002 [824 So. 2d 881], 2011 [75 So. 3d 207], 2013 [122 So. 3d 263], ~~and~~ 2014 [152 So. 3d 475], and 2016.


**20.18(a)  UNLAWFUL POSSESSION OF THE PERSONAL IDENTIFICATION INFORMATION OF ANOTHER PERSON**
§ 817.5685, Fla. Stat.

**To prove the crime of Unlawful Possession of the Personal Identification Information of Another Person, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **[intentionally] [or] [knowingly] possessed the personal identification information of** (victim)**.**

**2.** (Defendant) **did not have authorization to do so.**

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

**A person has actual possession of an item when he or she is aware of the presence of the item and [either] has physical control over the item [or the item is so close as to be within ready reach and is under the control of the person].**

**A person has constructive possession of an item when he or she is not in actual possession of the item but is aware of the presence of the item, the item is in a place over which he or she has control, and he or she has the ability to control the item.**

*Give if applicable.*
**Mere proximity to an item is not sufficient to establish the power and intention to control that item when the item is in a place that the person does not control.**

*Joint possession.*
**Possession of an item may be sole or joint, that is, two or more persons may be aware of the presence of an item and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the item.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**
**a. had direct physical custody of the item, [or]**
**b. was within ready reach of the item and the item was under [his] [her] control, [or]**
**c. had exclusive control of the place where the item was located,**

**you may infer that [he] [she] was aware of the presence of the item and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where an item was located, you may not infer [he] [she] had knowledge of the presence of the item or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Enhancement. Give if applicable. § 817.5685(3)(b)2, Fla. Stat.*
**If you find** (defendant) **guilty of Unlawful Possession of the Personal Identification Information of Another Person, you must then determine whether the State proved beyond a reasonable doubt that [he] [she] [intentionally] [or] [knowingly], and without authorization, possessed the personal identification information of five or more persons.**

*Definitions.*
*§ 817.5685(1), Fla. Stat.*
**"Personal identification information" means a person's social security number, official state-issued or United States-issued driver license or identification number, alien registration number, government passport number, employer or taxpayer identification number, Medicaid or food assistance account number, bank account number, credit or debit card number, and medical records.**

*Give if applicable. § 817.5685(2), Fla. Stat.*
**The personal identification information can be in any form, including, but not limited to, mail, physical documents, identification cards, or information stored in digital form.**

*Give if applicable. Personal identification of five or more individuals.*
*§ 817.5685(3)(b)1, Fla. Stat.*
**Proof that** (defendant) **used or was in possession of the personal identification information of five or more individuals, unless satisfactorily explained, gives rise to an inference that** (defendant) **used or was in possession of the personal identification information knowingly and intentionally without authorization.**

*Affirmative defenses. Give as applicable. § 817.5685(4) and § 817.5685(5), Fla. Stats.*
*§ 817.5685, Fla. Stat., and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defenses and (2) the standard for the*

*burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

**It is a defense to the crime of Unlawful Possession of the Personal Identification Information of Another Person if, at the time of the possession,** (defendant)**:**

a. **was under the reasonable belief that such possession was authorized by law or by the consent of** (victim)**.**

b. **obtained** (victim's) **personal identification information from a forum or resource that was open or available to the general public or from a public record.**

c. **was the parent or legal guardian of** (victim) **and** (victim) **was a child.**

d. **was appointed by a court to act as the guardian of** (victim) **and was authorized to possess** (victim's) **personal identification information and make decisions regarding access to that personal identification information.**

e. **was an employee of a governmental agency and possessed** (victim's) **personal identification information in the ordinary course of business.**

f. **was a person engaged in a lawful business and possessed** (victim's) **personal identification information in the ordinary course of business.**

g. **was a person who found a card or document issued by a governmental agency that contained** (victim's) **personal identification information and [he] [she] took reasonably prompt action to return that card or document to its owner, to the governmental agency that issued the card or document, or to a law enforcement agency.**

- 34 -

**Lesser Included Offense**

| UNLAWFUL POSSESSION OF THE PERSONAL IDENTIFICATION INFORMATION OF ANOTHER PERSON — 817.5685 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2016.