CIKLIN, C.J.
Appellant Lenncy Jeudy appeals his conviction and prison sentence for grand theft of a firearm under section 812.014, Florida Statutes (2014), a third-degree felony. Among other issues, Jeudy asserts that the trial court erred by instructing the jury as to a conditional statutory presumption that would permit a jury to infer that an individual knew or should have known that certain property had been stolen. We agree with Jeudy and reverse his conviction with instructions to afford him a new trial.
On January 29, 2014, law enforcement officers from the Hallandale Beach Police Department responded to reports of nearby gunshots. After witnesses directed them to a specific apartment, officers knocked on the front door and announced their presence, and, after no answer following multiple attempts, gained access and entered the apartment. Inside, the officers found Jeudy in the front bedroom, and his girlfriend in the back bedroom. Jeudy was immediately taken into custody as directed by the protocol of this police department.
Officers conducted a protective sweep of the inside of the apartment, where they found a 20-gauge Remington shotgun situated in an air vent. The firearm had been severed into two pieces, leading the officers to conclude the act of breaking the weapon down to pieces was done to aid concealment. After cross-referencing its serial number with a stolen items database, the officers determined the shotgun had been reported stolen approximately one year prior. The state ultimately charged Jeudy with grand theft of a firearm.
Testifying for the state at trial, Jeudy’s now ex-girlfriend stated that Jeudy purchased the gun several weeks before the *39 night of his January 29th arrest, paying either $60 or $75 with cash she had given him. She also testified that Jeudy was in possession of the firearm at some point during the night and that he placed it in the air vent.
The state’s final witness testified that in October, 2013, he reported to law enforcement that his house was burglarized and, among other items of personal property, his firearms were stolen. The serial number for one of the firearms matched the shotgun found in Jeud/s air vent on the night of January 29, 2014. The witness testified that he paid about $500 to $600 for that particular shotgun.
At the appropriate times, Jeudy twice moved for judgment of acquittal and the trial court denied both motions.
The court then instructed the jury. At the state’s request and over defense objection, the court gave the following instruction:
Proof of the purchase or sale of stolen property at a price substantially below the fair market value unless satisfactorily explained gives rise to an inference that a person buying or selling the property knew or should have known that the property had been stolen.
In arguing against inclusion in the instructions, Jeudy asserted that the state never proved the fan' market value of the shotgun at the time Jeudy purchased it, thereby logically precluding the subject inference instruction. Therefore, Jeudy argued before the trial court and now argues before us, there was no factual basis for the jury to consider the question as to whether Jeudy purchased the shotgun “substantially below” fair market value.
We review a trial court’s decision on jury instructions for abuse of discretion. Bozeman v. State, 931 So.2d 1006, 1008 (Fla. 4th DCA 2006).
A conviction for theft requires the state to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly obtained or used; (2) another person’s property; and (3) with the intent to temporarily or permanently either, (a) deprive the owner’s right to, or benefit from, the property, or (b) appropriate the property to his or her own use. See Jones v. State, 666 So.2d 960, 964 (Fla. 3d DCA 1996). The statute enhances the offense to grand theft in the third degree when the stolen property is, among other items, a firearm. § 812.014(2)(c)5., Fla. Stat. (2014).
Principally at issue is the state’s underlying burden of proof that the appellant knowingly obtained or used the subject shotgun. Section 812.022(3), Florida Statutes (2014), creates the statutory inference that the trial court used here. We must conclude that the statute reveals an inherent ambiguity: While it allows a jury to infer guilt when a defendant purchases or sells stolen property “substantially below” its fair market value, it does not provide a definition of when fair market value is to be determined so as to give necessary meaning and context to the inference.
The First District has addressed this statute on a few occasions. In Barfield v. State, 613 So.2d 507 (Fla. 1st DCA 1993), the defendant was charged with grand theft of fishing equipment. Id. at 507. At trial, the state presented evidence of the value of a particular fishing net when it was new (about $135) and the defense presented evidence that the defendant paid $10 for it. Id. However, as the First District noted: “No concrete evidence of the net’s current fair market value [i.e. at the time the defendant purchased it] was offered at trial.” Id. At the end of trial and over the defendant’s objection, the trial court instructed the jury on the fair market value statutory presumption. Id. *40 Our sister district reversed and remanded for a new trial. Id. at 508 (“[Considering the lack of proof of the net’s current fair market value, the evidence was insufficient to support the giving of the challenged instruction.” (emphasis added)).
Not many other Florida courts have addressed this issue and Barfield has become the leading case in a relatively thin line of case law addressing this statute. See also Hadley v. State, 152 So.3d 848, 849 (Fla. 1st DCA 2014); Dawson v. State, 66 So.3d 1077, 1077-78 (Fla. 1st DCA 2011).
However — it should be noted — that in April 2016, when amending the Florida Standard Jury Instructions in Criminal Cases, the Florida Supreme Court added the following language to the subject section concerning the fair market value statutory presumption: “Do not give unless there is evidence of the- fair market value of the stolen property” and then cites to Barfield. In re Standard Jury Instructions in Criminal Cases-Report No. 2015-04, 190 So.3d 614, 621 (Fla.2016). While the plain language of this amendment may not expressly resolve the clear ambiguity contained in the statute, we think the supreme court’s reliance on Barfield acknowledges the First District’s rationale,
Accordingly, we agree with the holding in Barfield and apply its definition of the point in time when fair market value is to be determined prior to permitting a jury to infer that a defendant “knowingly” took another’s property. We hold that the state must prove the fair market value of a stolen item (to which the state seeks application of the statutory presumption) at the point in time when the defendant purchased it.
In the instant case, while the state presented evidence as to the amount the victim paid for the shotgun, it did not present evidence related to the fair market value of the shotgun when Jeudy purchased it. Without that required evidence, there is no viable method for a finder of fact to ever legally conclude that the price paid by a defendant charged with theft was “substantially below” an item’s fair market value.
As the court was in Barfield, “we are concerned that this instruction amounts to an improper comment on the evidence by the trial judge and thereby invades the province of the jury,” Barfield, 613 So.2d at 508. For that reason, we must conclude the trial court here erred.

Reversed and remanded for a new trial.

LEVINE and FORST, JJ., concur.